IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY BARTON, ) | |
| AIS #191236, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-639-WKW |
| ) | |
| ALA. DEPT. OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeffrey Barton ("Barton"), a state inmate currently incarcerated at the Easterling Correctional Facility, initiated this 42 U.S.C. § 1983 action on August 3, 2016. After reviewing the complaint and finding numerous deficiencies with this pleading, the court determined that Barton should be provided an opportunity to file an amended complaint to correct the deficiencies. The court therefore issues a detailed order explaining the deficiencies and providing Barton specific instructions with respect to filing an amended complaint. Doc. 2 at 1–4. The court specifically advised Barton "***that this case will proceed only against the defendants named and claims presented in the amended complaint***" and cautioned him that his failure to comply with the directives of this order would result in a recommendation that this case be dismissed. Doc. 2 at 3–4.

The time allowed to Barton to file the amended complaint expired on September 21, 2016. *See* Doc. 8. As of the present date, Barton has failed to file an amended complaint

as required by this court.  In light of Barton's failure to file the requisite amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as ordered by this court.

The plaintiff may file objections to the Recommendation on or before **October 26, 2016.**  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made.  The plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 12th day of October, 2016.

                                 /s/ Gray M. Borden  
                                 UNITED STATES MAGISTRATE JUDGE